

RECEIVED
IN LAKE CHARLES, LA

MAY 24 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| SHIRLEY TAYLOR | * | CIVIL ACTION NO. 2:15-cv-2084 |
| | * | |
| v. | * | JUDGE MINALDI |
| | * | |
| LOWE'S HOME CENTERS, LLC | * | MAGISTRATE JUDGE KAY |

**************************************************************

## MEMORANDUM RULING

Before the court are a Motion for Summary Judgment (Rec. Doc. 6) and Motion to Strike Plaintiff's Summary Judgment Evidence (Rec. Doc. 10) filed by defendant Lowe's Home Centers, LLC ("Lowe's"), Oppositions (Rec. Docs. 8 & 15) filed by plaintiff Shirley Taylor ("Taylor"), and Replies (Rec. Docs. 9 & 16) filed by Lowe's. For the following reasons, the Motion to Strike will be **DENIED**, and the Motion for Summary Judgment will be **DENIED**.

### FACTS & PROCEDURAL HISTORY

On March 7, 2014, Taylor was shopping at a Lowe's store in Leesville, Louisiana.[1] She alleges that while she was shopping for carpet her foot caught on a hidden wooden barrier on the floor.[2] She states that the barrier caused her to trip and as a result she suffered injury.[3] Taylor filed suit against Lowe's for this injury in the Thirtieth Judicial District Court for Vernon Parish, Louisiana, on March 6, 2015.[4] Lowe's removed the case to this court on July 21, 2015.[5]

On October 1, 2015, Lowe's filed a Motion for Summary Judgment.[6] In its statement of uncontested material facts, Lowe's identified a four-inch wooden kick plate in the carpet remnant

---

[1] Pet. for Damages (Rec. Doc. 1-1) ¶ 2.
[2] *Id.* at ¶¶ 3–5.
[3] *Id.* at ¶¶ 6–10.
[4] Pet. for Damages (Rec. Doc. 1-1).
[5] Notice of Removal (Rec. Doc. 1).
[6] Mot. for Summ. J. (Rec. Doc. 6).

bay as the barrier described by Taylor in her complaint.[7] After receiving Taylor's response, it also filed a Motion to Strike Plaintiff's Summary Judgment Evidence on November 5, 2015.[8] We consider the Motion to Strike and then the Motion for Summary Judgment.

## LAW & ANALYSIS

### A. Motion to Strike

In support of a Motion for Summary Judgment, the non-moving party need not present evidence that would be admissible at trial, and may rely on any of the evidentiary materials described in FED. R. CIV. P. 56. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). However, the content of those materials are still subject to evidentiary requirements. *See Goodwin v. Johnson*, 132 F.3d 162, 186 (5th Cir. 1997). Therefore, inadmissible statements contained within acceptable forms of summary judgment evidence may not be considered by the court. *Id.*

#### 1. Affidavit of Rightor Cobb

Lowe's first challenges the affidavit of Rightor Cobb, who was retained by Taylor as a safety expert.[9] It alleges that Cobb's affidavit is deficient and therefore inadmissible because it does not meet the requirements for expert testimony.

FED. R. CIV. P. 56(c) provides that affidavits may be used in support of motions for summary judgment. However, such affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated." FED. R. CIV. P. 56(c)(4). Admissibility of expert testimony is governed by Rule 702 of the Federal Rules of Evidence, which states

---

[7] Statement of Uncontested Material Facts (Rec. Doc. 6-2), ¶¶ 3, 7.
[8] Mot. to Strike Pl.'s Summ. J. Evid. (Rec. Doc. 10).
[9] Ex. 1, Aff. of Rightor Cobb (Rec. Doc. 8), at 13–17.

that a witness "who is qualified an expert by knowledge, skill, experience, training, or education" may only testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.

In his affidavit Cobb states that he is a self-employed safety consultant.[10] He has been retained in a number of cases as an expert witness, though all of these appear to be at the behest of Plaintiff's counsel in the instant matter.[11] He has never been accepted (or rejected) as same by any state or federal court.[12] Taylor's counsel also attaches Cobb's curriculum vitae, which shows that Cobb has extensive experience and training in occupational safety.[13]

Cobb reviewed the petition for damages and Motion for Summary Judgment, eight pictures of the accident site, Taylor's deposition, and occupational safety publications.[14] He then came to the opinion, based on his training and experience, that the area where Taylor tripped was a hazard and that the risk could have been reduced through a number of measures.[15]

Lowe's presents no direct challenges to Cobb's experience, other than his lack of prior qualification in state or federal court. Given Cobb's training and experience, we do not view this as a fatal flaw to his purported expertise. Lowe's also likens Cobb's

---

[10] *Id.* at ¶ 1.
[11] *Id.* at ¶¶ 4–5.
[12] *Id.* at ¶¶ 3, 5.
[13] Ex. 2, CV for Henry Rightor Cobb III (Rec. Doc. 8), at 18–20.
[14] Ex. 1, Aff. of Rightor Cobb (Rec. Doc. 8), at 13–17, ¶ 7.
[15] *Id.* at ¶¶ 8, 10.

affidavit to the one stricken in *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217 (5th Cir. 2015) (unpublished). There the court heavily criticized the expert's failure to provide specific factual findings or to "delineate *any* principles or methodology" supporting his conclusions. *Stagliano*, 633 Fed. App'x at 221 (emphasis in original). Here, on the other hand, Cobb reviewed several photographs of the site. He offered literature identifying the site as a fall hazard. He also outlined numerous ways the site's safety could have been improved.

Lowe's also alleges that the expert opinion here is the "product of unreliable principles, in that [Cobb] relied upon an out of date OSHA booklet and an inadmissible internet study."[16] However, challenges to the bases and sources of an expert's opinion generally "affect the weight to be assigned that opinion rather than its admissibility . . . ." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987). Here Lowe's contentions are conclusory. Though the OSHA booklet was last revised in 2002,[17] Lowe's fails to show how the information on fall hazards contained therein is outdated. It also criticizes the fact that the Liberty Mutual study reference comes from a BusinessWire.com summary of that study.[18] Again, Lowe's does not show how reliance on this summary, in conjunction with the other materials stated above, renders Cobb's opinion so unreliable as to be unworthy of consideration. Lowe's also contends that the materials are irrelevant, as they are based on occupational safety and Taylor was a customer rather than employee of Lowe's. However, as Taylor points out, the materials have equal if not greater

---

[16] Memo. in Support of Mot. to Strike Pl.'s Summ. J. Evid. (Rec. Doc. 10-1), at 5.
[17] *See* Ex. 5, JOB HAZARD ANALYSIS OSHA 3071 (Rev. 2002) (Rec. Doc. 8), at 44–49.
[18] *See* Ex. 6, "Liberty Mutual Research Institute for Safety Releases 2014 Workplace Safety Index" (Business Wire Jan. 14, 2015) (Rec. Doc. 8), at 50–53.

application to customers over employees, who might be more familiar with fall hazards at the store and thus able to avoid them.

Finally, the challenges to the independent admissibility of these documents below have no bearing on whether they may be considered by an expert in forming his opinion. *See* FED. R. EVID. 703 ("If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted.") Taylor has submitted a supplemental affidavit from Cobb, stating that these materials are reasonably relied upon in his field.[19] Accordingly, there is no basis for striking the affidavit.

### 2. OSHA Manual and Liberty Mutual Studies

Lowe's next moves to strike the OSHA booklet, the Business Wire report of the Liberty Mutual study, and another Liberty Mutual study, as all were cited independently within Taylor's brief in opposition to the Motion for Summary Judgment. Lowe's objects to these documents on multiple grounds, including that they are unsworn and constitute inadmissible hearsay.

"In order for a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by and attached to an affidavit [and] the affiant must be a person through whom the exhibits could be admitted into evidence." *Burnett v. Stagner Hotel Courts, Inc.*, 821 F. Supp. 678, 683 (N.D. Ga. 1993), *aff'd*, 42 F.3d 645 (11th Cir. 1994); *see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); 10A CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. CIV. § 2722 (3d ed.). Publications are subject to this requirement. *See Spears v. United States*, No. 5:13-CV-47, 2014 WL 3513203, *3–4 (W.D. Tex. Jul. 14, 2014). Here, however, no authentication

---

[19] Suppl. Aff. of Rightor Cobb (Rec. Doc. 15-1).

was provided for any of the above-described documents. Therefore the documents are incompetent as summary judgment evidence for lack of authentication.

In deciding whether to strike the affidavit of Rightor Cobb, the court found that the OSHA booklet, the Business Wire report of the Liberty Mutual study, and the other Liberty Mutual study may be used as a foundation by Plaintiff's expert. Although the court will not consider these documents as direct evidence for the purposes of the present motion for summary judgment, they may nonetheless be admissible during trial if a proper foundation is established. Thus, the motion to strike will be **DENIED**.

### B. *Motion for Summary Judgment*

A grant of summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is said to be genuine only where "a reasonable jury could return a verdict for the non-moving party." *Dizer v. Dolgencorp, Inc.*, No. 3:10-cv-699, 2012 U.S. Dist. LEXIS 24025, at *16 (W.D. La. Jan. 12, 2012) (citing *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006)). In ruling on a motion for summary judgment, the district court shall draw all inferences in a light most favorable to the non-moving party. *Id.* at *3 n. 1 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (additional citation omitted)). "Rule 56[(a)] mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Webber v. Christus Schumpert Health Sys.*, No. 10-cv-1177, 2011 U.S. Dist. LEXIS 99235, at *14 (W.D. La. Sep. 2, 2011) (citing *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004)). "The non-movant cannot preclude summary judgment by raising 'some metaphysical doubt as to the material facts,

conclusory allegations, unsubstantiated assertions, or by only a scintilla of the evidence.'" *Cormier v. W&T Offshore, Inc.*, No. 10-cv-1089, 2013 U.S. Dist. LEXIS 53416, at *18–19 (W.D. La. Apr. 12, 2013) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

LA. REV. STAT. 9:2800.6

Merchants, such as Lowe's, have a duty to their patrons "to exercise reasonable care to keep . . . aisles, passageways, and floors in a reasonably safe condition." LA. REV. STAT. 9:2800.6. The same statute establishes the burden of proof in claims against merchants, stating that:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

*Id.*

Here the contested issue is whether the kick plate constituted an unreasonable risk of harm that was reasonably foreseeable. Photographs of the scene show that the site of the accident, the carpet remnant bay, is an open stall on a concrete floor containing multiple rolls of carpet scraps.[20] At the front of the stall is the kick plate, a piece of wood approximately four inches high and painted gray, the same color as the concrete floor though a different shade.[21] According to the store manager, the purpose of the kick plate is to prevent the carpet rolls from

---

[20] Ex. 2, Photographs of Scene (Rec. Doc. 6-3), at 4–11.
[21] *Id.*

falling into the aisle.[22] He also states that there have been no other accidents involving the carpet remnant bay or kick plate prior to or since the incident in question.[23]

Lowe's points to Taylor's deposition testimony, where she admits that she had been to the carpet remnant bay at that store before and that, prior to entering on this occasion, she waited about 10 minutes and observed other customers entering and exiting the bay.[24] However, she had not actually stepped into the carpet remnant bay on previous trips, instead relying on her grandchildren to retrieve the carpet.[25] She could not recall seeing the kick plate prior to tripping on it.[26]

Taylor's safety expert Cobb identified a change in elevation of greater than ½ inch as a tripping hazard and stated that these are "not . . . permitted to be in walking surfaces."[27] In his opinion, the area should have been marked with a sign and there were other measures that the store might have taken to mitigate the risk.[28] With all inferences drawn in a light most favorable to Taylor, Lowe's has not shown that it is entitled to judgment as a matter of law because Taylor may be able to prove that it is responsible for her injuries due to the alleged risk of harm posed by the kick plate. Accordingly, the Motion for Summary Judgment will be **DENIED**.

Lake Charles, Louisiana, this 23 day of May, 2016.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[22] Ex. 4, Aff. of Andrew Ozolins (Rec. Doc. 6-3), at 22–23, ¶ 6.
[23] *Id.* at ¶¶ 10–11.
[24] Ex. 3, Depo. of Shirley Taylor (Rec. Doc. 6-3), at 12–21, 14:22–24; *id.* at 16:7–11, 16:21–25.
[25] *Id.* at 20:3–10.
[26] *Id.* at 20:16–21.
[27] Ex. 1, Aff. of Rightor Cobb (Rec. Doc. 8), at 13–17, ¶ 10(b).
[28] *Id.* at ¶¶ 10(c), 10(e).